UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

– *against* –

M&M WIRELESS
COMMUNICATIONS, INC., *and* M&M
WIRELESS, INC.,

Defendants.

**OPINION & ORDER**

25-cv-01768 (ER)

RAMOS, D.J.:

The United States of America (the "Government") filed this action against M&M Wireless Communications, Inc. and M&M Wireless, Inc. (collectively, "M&M") to collect unpaid civil penalties arising from M&M's violations of federal export reporting and recordkeeping requirements. Doc. 3. Specifically, Customs and Border Protection ("CBP") determined that M&M undervalued exported merchandise, in violation of 15 C.F.R. §§ 30.2(a), 30.3(a), 30.3(c)(1)(ii)(A), and 30.6(a)(17), and failed to retain required documentation of export shipments and produce such documentation when requested by the Department of Commerce's Bureau of Industry Security ("BIS"), in violation of 15 C.F.R. §§ 30.3(c)(1)(ii)(C) and 30.10. *Id.* ¶¶ 41–42. Pending before the Court is the Government's motion for summary judgment. Doc. 25. For the reasons set forth below, the motion is GRANTED.

I.    **BACKGROUND**

   **A. Factual Background**

   The following facts are undisputed.[1]

---

[1] To assist the Court in its determination as to whether there exist any genuine issues of material fact, Local Rule 56.1 requires a party moving for summary judgment to submit a statement of the material facts that it contends are not genuinely in dispute, Local R. 56.1(a), and requires the opposing party to submit a statement specifically responding to the assertion of each purported undisputed fact by the movant, Local R. 56.1(b). S*ee Monahan v. New York City Department of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000)

M&M sells consumer electronics products, such as cellphones and cellphone accessories. Doc. 27 ("Gov. Rule 56.1 Stmt.") ¶ 2. It also ships such merchandise outside of the United States of America. *Id.* Between 2016 and 2021, M&M exported hundreds of shipments abroad. *Id.* ¶ 3. These exports were subsequently investigated by CBP and BIS.

As part of the investigation, CBP detained and examined three of M&M's shipments and determined that M&M materially undervalued them. In particular, in 2020, M&M Wireless Communications valued one shipment at $35,200. *Id.* ¶ 4. CBP later determined its worth to be $181,221. *Id.* In early 2021, M&M Wireless valued a second shipment at $27,850, which CBP later determined to be worth $247,014. *Id.* ¶ 5. In late 2021, M&M Wireless valued a third shipment at $65,700, which CBP later determined to be worth $462,669. *Id.* ¶ 6.

On May 9, 2022, as part its joint investigation with CBP, BIS issued administrative subpoenas to M&M seeking records for 330 export shipments made between 2016 and 2021. *Id.* ¶ 8. The subpoenas requested materials including purchase orders, correspondence regarding price negotiations, sales confirmations, packing lists,

---

(noting that Local Rule 56.1 is designed to place the responsibility on the parties to identify the material facts in dispute, thereby "clarify[ing] the elements of the substantive law" at issue, and that "[w]hile the trial court has discretion to conduct an assiduous review of the record . . . it is not required to consider what the parties fail to point out") (internal quotations omitted). Each of the parties' respective statements of material fact must be supported by a citation to admissible evidence in the record. Local R. 56.1(d); *see also* Fed. R. Civ. P. 56(c)(1)(A) (requiring reliance on admissible evidence in the record in supporting or controverting a purported material fact). Statements of material fact set forth by the moving party will be deemed admitted for purposes of the motion "unless specifically denied and controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local R. 56.1(c).

Here, the Government properly filed a Statement of Undisputed Material Facts pursuant to Local Rule 56.1. Doc. 27. M&M, on the other hand, failed to file any response to the Governments Rule 56.1 Statement of Undisputed Material Facts, as they were required to do by both the Local Rules and this Court's Individual Practices. Although M&M's opposition does contain some factual arguments which could conceivably have raised a genuine issue of material fact, it does not contain any citations to any evidence in the record. Accordingly, pursuant to Local Rule 56.1(c), all of the facts set forth in the Government's Rule 56.1 Statement that are supported by citations to admissible evidence in the record are deemed admitted for purposes of this motion. Local R. 56.1(c); *see T.Y. v. New York City Department of Education*, 584 F.3d 412, 418 (2d Cir. 2009) (noting that "[a] nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible").

airway bills, invoices, shipping and inventory records, certificates of delivery, and proof of payment, among other things. *Id.* ¶ 9. In a letter dated June 10, 2022, M&M responded that it "do[es] not have the specific records … requested" and that the documents therefore "cannot be produced." *Id.* ¶ 10.

Thereafter, in 2023, CBP issued M&M penalty notices for each violation, explaining the basis for the violation and imposing a civil monetary penalty.[2] *Id.* ¶¶ 7, 11. In total, CBP assessed 330 civil penalties. *See id.* Specifically, CBP issued three penalties for undervaluing three separate shipments for which it imposed a penalty of $15,256 per violation, and 327 recordkeeping violations for which it imposed a penalty of $16,438 per violation.[3] *Id.* M&M did not challenge these penalties administratively and has not, to date, paid them. *Id.* ¶¶ 13, 14.

In total, the Government seeks summary judgment on 224 of the civil penalties assessed against M&M amounting to $3,678,566.[4] *See* Doc. 26 at 9. Specifically, the Government seeks monetary penalties against M&M Wireless in the amount of $1,822,254, and against M&M Wireless Communications in the amount of $1,856,312. *See id.*

---

[2] While 13 U.S.C. § 305(b) sets a statutory maximum penalty of $10,000 per violation, the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. 101–410, 104 Stat. 890, note following 28 U.S.C. § 2461, as amended, directs the Commerce Department to adjust civil monetary penalties for inflation. Pursuant to those adjustments, the maximum penalty was increased to $15,256 for 2022 and to $16,438 for 2023. *See* 15 C.F.R. § 6.3(d) (2022 and 2023). For the three undervaluation penalties, which were issued in 2023, CBP imposed the 2022 maximum of $15,256; for the 221 recordkeeping penalties, also issued in 2023, CBP imposed the 2023 maximum of $16,438. Gov. Rule 56.1 Stmt. ¶¶ 7, 11; *see* Doc. 26 at 3 n.1.

[3] CBP did not impose recordkeeping penalties on those shipments for which it had already assessed undervaluation penalties. *See* Doc. 26 at 4.

[4] While CBP issued a total of 330 penalties, 106 of the recordkeeping penalties related to exports occurring more than five years prior to the issuance of the subpoena and are not issue here. *See* Doc. 26 at 4–5. The Government seeks to recover only on the remaining 221 penalties for recordkeeping violations, which correspond to exports occurring within the five-year period preceding the issuance of the subpoenas. *Id.* at 5. Together with the three undervaluation penalties, these account for the 224 penalties for which the Government now seeks summary judgment.

### B.  Procedural Background

The Government filed this action on March 4, 2025, seeking to recover the penalties imposed.  Doc. 3.

On April 10, 2025, M&M answered the complaint.  Doc. 14.  M&M raised no affirmative defenses in its answer.  *Id.*

The Court held a pre-motion conference on June 17, 2025.  At the conference, the Court directed the parties to meet and confer, and to submit a proposed briefing schedule for any motion for summary judgment should settlement discussions not prove fruitful.  *See* Docket Entry Dated June 17, 2025.

On August 20, 2025, the Government submitted a status report requesting leave to file a motion for summary judgment.  Doc. 23.  The Court granted the Government's request and set the following briefing schedule:  (1) the Government's motion due September 17, 2025; (2) M&M's response due October 15, 2025; and (3) the reply due October 29, 2025.  Doc. 24.

The Government filed its motion on September 17, 2025, Doc. 25, along with a memorandum of law, Doc. 26, a Local Rule 56.1 Statement of Undisputed Material Facts, Doc. 27, and a declaration of Christopher LaTourette, a Fines, Penalties, and Forfeitures Officer with CBP, Doc. 28.  The Government argues that "there are no genuine disputes of material fact," as it is undisputed that CBP imposed 224 civil penalties totaling $3,678,566 for violating recordkeeping and reporting requirements with respect to 224 different export shipments, and that M&M has "neither challenged these penalties through an administrative proceeding nor paid them" and have "raise[d] no affirmative defenses."  Doc. 26 at 1–2.

M&M did not respond to the motion by the October 15, 2025 deadline.  And, on February 13, 2026, the Court directed M&M to file its opposition by March 5, 2026, and warned that if it failed to do so, the Court would consider the Government's motion fully briefed.  Doc. 30.

4

On February 26, 2026, M&M submitted an affirmation in opposition, arguing that because it has "not had an opportunity to depose the Plaintiff . . . it would be impossible for [them] to properly defend against these allegations." Doc. 31 at 2. On March 4, 2026, the Government filed a letter response, arguing that M&M's affirmation is insufficient to oppose the motion. Doc. 33. On March 5, 2026, the Court directed M&M to file an opposition by March 19, 2026, and for the Government to reply by March 26, 2026. Doc. 34.

M&M filed its opposition on March 19, 2026, Doc. 35, but did not submit a response to the Government's Rule 56.1 statement.[5]

The Government responded to M&M's opposition on March 26, 2026. Doc. 36.

## II.    LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free School District*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.* The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Medical Center*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (internal quotation marks omitted) (citing *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

---

[5] In its opposition, M&M argues that it "was just a middleman" and not an exporter, and therefore "did not pay these penalties because they did not owe them." Doc. 35 at 2. However, as detailed above, because M&M did not submit a responsive Rule 56.1 statement, the material facts set forth in the Government's Rule 56.1 statement are deemed admitted.

In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or surmise. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995). To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Under Rule 56(b), a party may move for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Even so, a pre-discovery motion for summary judgment should be granted "[o]nly in the rarest of cases." *Hellstrom v. United States Department of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). This is because "[t]he nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (quoting *Anderson*, 477 U.S. at 250 n. 5). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d).

## III.    DISCUSSION

Federal statutes and regulations impose certain obligations on exporters, including the duty to accurately report the value of exported goods and to maintain certain records relating to such shipments which must be provided upon request to relevant enforcement agencies, such as CBP and BIS. *See* 13 U.S.C. §§ 301–307; 15 C.F.R. §§ 30.1–30.74.

6

Exporters, or their authorized agents, must file complete and accurate Electronic Export Information ("EEI") data elements in CBP's Automated Export System.  *See* 13 U.S.C. §§ 304, 305; 15 C.F.R. §§ 30.3(a), (c)(1), (c)(2), (d)(1).  One such data element that must be accurately included in the EEI is the value of the exported goods.  15 C.F.R. §§ 30.2(b)(2), 30.6(a)(17).  The regulations provide that, "[i]n general, the value to be reported in the EEI shall be the value of the goods at the U.S. port of export in U.S. dollars," and that "[t]he value shall be the selling price."  *Id.* § 30.6(a)(17).  Where goods are shipped on consignment and no sale has occurred at the time of export, "the selling price to be reported in the EEI is the market value at the time of export at the U.S. port."  *Id.* § 30.6(a)(17)(i).

Exporters must also retain documents pertaining to particular export transactions for five years from the date of export and must produce such documentation upon request by government agencies including CBP and BIS.  *Id.* §§ 30.3(c)(1)(ii)(C), (c)(2)(iii), 30.10(a), (b).  These documents include "EEI, shipping documents, invoices, orders, packing lists, and correspondence as well as any other relevant information bearing upon a specific export transaction."  *Id.* § 30.10(b).

CBP is authorized to assess civil penalties for noncompliance with these requirements.  *See* 13 U.S.C. § 305(b); 13 U.S.C. § 305(d)(2) (authorizing the Commissioner of Customs to designate Customs Service officers or employees "to enforce the provisions of [Chapter 9 of U.S.C. Title 13]"); 15 C.F.R. § 30.71(b)(3); 15 C.F.R. § 30.73(b) (granting CBP the authority to "enforce the provisions of [Part 30 of C.F.R. Title 15]").  A party assessed a penalty is "entitled . . . to contest the charges in a hearing before an administrative law judge."  13 U.S.C. § 305(c)(1); 15 C.F.R. § 30.72(a).  If a person or entity fails to pay the civil penalties imposed, the Attorney General may bring a civil action in an appropriate district court to recover the assessed penalties, plus interest.  13 U.S.C. § 305(c)(2); 15 C.F.R. § 30.72(c).  Importantly, "[i]n such an action [before the district court], the validity, amount, and appropriateness of such penalty shall

not be subject to review." 13 U.S.C. § 305(c)(2); *see United States v. Muches Global Industries, Inc.*, No. CV H-22-3959, 2023 WL 8789791, at \*3 (S.D. Tex. Nov. 14, 2023) (granting the government's unopposed motion for summary judgment to collect civil penalties imposed by CBP, in part because, pursuant to 13 U.S.C. § 305(c)(2), the defendants could not challenge the validity, amount, or appropriateness of the penalty in the district court).[6]

Here, there is no genuine dispute as to any material fact. CBP determined that M&M undervalued three export shipments and imposed a civil penalty for each violation. Gov. Rule 56.1 Stmt. ¶¶ 4–7. CBP also imposed civil penalties based on M&M's failure to maintain and, in response to the BIS subpoena, produce the records relating to 221 export shipments. *Id.* ¶¶ 8–12. M&M did not pay the penalties nor challenge them administratively. *Id.* ¶¶ 13, 14.

In its opposition brief, M&M argues that it was not itself an exporter, but rather was "merely assisting" Green Apple Corporation, a Dubai-based entity, with the exports. Doc. 35 at 1. It characterizes itself as "just a middleman in the transactions" and asserts that, in preparing the EEIs, it relied on the values provided by Green Apple on the relevant invoices. *Id.* at 2. It further contends that it is Green Apple, not M&M, that is in possession of the documents sought by the subpoena. *Id.* M&M argues that the Government "should pursue the Green Apple Corporation with respect to these assessments" while maintaining that "M&M will cooperate with the Government with respect to these issues." *Id.* at 3.

M&M offers no evidence establishing the existence of Green Apple, nor does it provide support for its assertions that it functioned solely as an intermediary in the transactions or that Green Apple is in possession of the subpoenaed documents.

---

[6] By providing for adjudication before administrative law judges and precluding judicial review, Congress made clear its intent that parties seeking to contest a penalty are to do so through the enforcing agency's administrative process rather than in district court. *See* 13 U.S.C. § 305(c)(1)–(4).

At bottom, this Court cannot review the validity, amount, or appropriateness of civil penalties levied under Chapter 9 of U.S.C. Title 13. *See* 13 U.S.C. §305(c)(2). M&M failed to challenge these penalties through the administrative process, and it may not do so here. Accordingly, further discovery would serve no useful purpose and is therefore needless.[7]

## IV.   CONCLUSION

For the forgoing reasons, the Governments motion for summary judgment is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 25, and close the case.

It is SO ORDERED.

Dated:   April 23, 2026
         New York, New York

_____
              EDGARDO RAMOS, U.S.D.J.

---

[7] On February 27, 2026, M&M submitted an affirmation in opposition, arguing that because it has "not had an opportunity to depose the Plaintiff . . . it would be impossible for [them] to properly defend against these allegations." Doc. 31 at 2. M&M, however, offers no further explanation as to what facts or information additional discovery would uncover or how such discovery would aid its ability to oppose the instant motion and is therefore inadequate. *See* Fed. R. Civ. P. 56(d) (requiring "a nonmovant show[] by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition" to a motion for summary judgment) (emphasis added).

9